Joseph Hancock and Wife *vs.* Daniel Stewart.

After the close of the next term of a District Court, subsequent to the one in which a judgment was rendered, the District Court has no power to grant relief from such judgment.

The ruling of the District Court, on a motion to vacate a final judgment, or decision, is not itself a final judgment within the meaning of the code. Hence a writ of error will not lie to review the act of the District Court upon such motion.

Error to First Judicial District.

*James E. Wyche* for plaintiff in error.

*James H. Lasater* for defendant in error.

Opinion by Greene, Associate Justice.

The writ of error in this case is to enable this court to review an order of the court below, denying a motion to vacate a former judgment of that court. The judgment sought to be overturned was rendered about three years, and some five terms of court, prior to the filing of the motion.

Assuming for a moment that such an order as that of the Court below is reviewable here, we are all of opinion that the Court below could not do otherwise than refuse to vacate the judgment. It had no power "after the close of the next term" subsequent to the one in which the judgment was had, to relieve from such judgment, under any circumstances or for any cause. Sec. 83, Practice Act, 1863. If the motion had been interposed within the statutory time, the Court, might in its discretion, either have relieved or left the parties to their remedy by writ of error or to their undivested rights; but, after the lapse of the time limited by the statute, the court had absolutely no power remaining in it to set the judgment aside.

But the assumption on which we have been proceeding is too favorable to plaintiffs in error. Such an order is not reviewable here. No writ of error lies from it. The ruling of a District Court on a motion to vacate a "final judgment, order or decision," is not in itself a "final judgment, order or decision" within the meaning of Sec. 376 of the Civil Code of 1863, or Sec. 432 of the code of 1869. The very question decided by such a ruling is whether what is now the final judgment, order or decision shall continue and remain such. Such ruling, if it disallow the motion, leaves the judgment, order or decision as final as it found it; if it allow the motion, it leaves the case open for a new final judgment, order or decision. The ruling, if it allow the motion, can in no sense be final, for its very operation is to render a new and further judgment necessary; whereas, if it deny the motion it has no reason in favor of its being considered a final judgment, or decision in the statutory sense, but has good reason to the contrary. A writ of error upon the negative ruling can benefit the dissatisfied party no otherwise than a writ upon the judgment itself, for the ruling operates as a naked affirmance; but if the writ lie on the ruling, because the ruling is a final judgment, order or decision, then a dissatisfied party may, by securing such a ruling from time to time, virtually, effectually and indefinitely extend the time for taking a writ of error on any judgment. The intention of the Legislature was to have that considered a final judgment, order or decision, subject to review under writ of error, which should be the last act necessary to adjudicate the rights of the parties in the suit, and to have a limitation of the remedy by writ of error run from the date of the rendition of such last act in the suit.

It is, therefore, plainly unnecessary for us to discuss the proceedings on which the judgment sought to be vacated is based. But as affecting questions of practice, we feel at liberty to express the opinion that the return of service of original notice in the Court below was good and sufficient to entitle the whole return to credit, and regularly to apprize the Court below of the two services therein mentioned, and that the stipulation

filed in the Court below in the cause in which the judgment was rendered and purporting to be signed by Joseph Hancock, defendant in that cause, could not be questioned in this Court on a suspicion of forgery, when it does not appear that there was in the Court below any question of its genuineness.

There is no hardship in the judgment, to either of the plaintiffs in error, that they can complain of before this Court. The judgment so far forth as it is now good, they suffered to go against them, and if now they have no relief by motion, appeal or writ of error, it is because of their own laches. The judgment, so far forth as it may be void, is void indeed and stands only in the letter, and may be disregarded, or, if it becomes obnoxious and law gives no relief, it may be relieved against in equity.

This cause must, therefore, be dismissed.